IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**EUGENE D. RIDDICK,**

    Plaintiff,

v.                                                                          Civil Action No. **3:14CV57**

**DR. LOVELACE,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Eugene D. Riddick, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. Riddick asserts the "drug Risperdal" caused him severe mental and physical harm. (Compl. 5.)[1] Riddick claims that Dr. Lovelace[2] told him that "he was going to take [Riddick] off the Risperdal medication, but instead increased it from .5 mg. to 1 mg." (*Id.*) Dr. Lovelace has moved for summary judgment on the ground that, *inter alia*, Riddick has failed to exhaust his administrative remedies. Riddick has not responded. For the reasons that follow, the Motion for Summary Judgment (ECF No. 18) will be GRANTED.

### I. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion and to identify the parts of the record which demonstrate the

---

[1] The Court corrects the capitalization, punctuation, and spelling in the quotations from Riddick's Complaint. Risperdal, is an "antipsychotic medication." *United States v. Dillon*, 738 F.3d 284, 289 (D.C. Cir. 2013). The Court also corrects the spelling in all of the parties' submission for the drug Risperdal.

[2] By Memorandum Order entered on October 14, 2014, the Court dismissed the other named defendant.

absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the *onus* of proof is imposed.'" *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

Dr. Lovelace asks the Court to dismiss the action on the ground that Riddick failed to exhaust his administrative remedies. Because the exhaustion of administrative remedies is an affirmative defense, Dr. Lovelace bears the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In support of this defense, Dr. Lovelace submitted: the

Declaration of Floyd Copeland, the grievance coordinator at the Hampton Roads Regional Jail ("HRRJ"), (Mem. Supp. Mot. Summ. J. Ex. B ("Copeland Declaration")); the Inmate Handbook of Jail Rules and Regulations for the HRRJ (*Id.* Ex. C ("Inmate Handbook")); and, Riddick's grievance records and requests from the HRRJ (*id.* Ex. E ("Grievance Records")). In light of the foregoing principles and submissions, the facts set forth below are established for purposes of the Motion for Summary Judgment.

## II. Summary of Pertinent Facts

Riddick was incarcerated at the HRRJ from January 17, 2013 through November 7, 2014. (Copeland Decl. ¶ 2.) Riddick received written notification of HRRJ's grievance procedure. (*Id.* ¶¶ 3, 4.)

The HRRJ grievance procedure requires an inmate to attempt to resolve the issue informally by submitting an Inmate Request Form prior to filing a formal grievance. (*Id.* ¶ 6.) If the inmate is dissatisfied with the response to his Inmate Request, he may submit a formal grievance by filling out a Grievance Form. (*Id.*; Inmate Handbook 9–10.) If an inmate is not satisfied with the response to his or her grievance, he or she has three days to complete a Grievance Appeal Form. (Inmate Handbook 10.) "A Captain or above normally answers grievance appeals within five days of receipt." (*Id.*) "The response to a Grievance Appeal is normally final." (*Id.*)

During his incarceration at the HRRJ, Riddick submitted numerous Inmate Requests and Grievances. (*See* Grievance Records.) Riddick submitted Inmate Requests complaining about "RISPERDAL . . . [and the] PAIN DUE TO TAKING THIS BAD DRUG" (*id.* at 20), and receiving "DANGEROUS MEDS" (*id.* at 22). Additionally, Riddick submitted Grievance Forms regarding "BEING ADMINISTERED A DANGEROUS DRUG." (*id.* at 2; *see id.* at 3).

Riddick, however, failed to pursue any grievance appeal with respect to the medical department's decision to prescribe him a dangerous or harmful drug.

### III. Analysis

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, the inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Here, Riddick failed to pursue any grievance appeal regarding the receipt of harmful or inappropriate medication. Therefore, he failed to satisfy the exhaustion requirement. The Motion for Summary Judgment (ECF No. 18) will be GRANTED. The action will be DISMISSED WITHOUT PREJUDICE.[3]

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 5/19/15
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[3] Failure to exhaust administrative remedies normally results in dismissal without prejudice. *See Porter v. Sturm*, 781 F.3d 448, 453 (8th Cir. 2015) (citations omitted).

4